972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Melvin TAYLOR, Appellant,
v.
Vance BRICKER, individually, and in his official capacity as
Assistant City Manager for the City of Lexington, Nebraska;
Bill Podraza, individually and in his official capacity as
City Manager for the City of Lexington, Nebraska; City of
Lexington, Nebraska, a Municipal Corporation; Civil Service
Commission, Lexington, Nebraska, Appellees.
 No. 91-3722.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1992.
Filed: July 20, 1992.
 
 Before WOLLMAN, Circuit Judge, BRIGHT and ROSS, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 After Bill Podraza, City Manager of Lexington, Nebraska, terminated Melvin Taylor from his job as a probationary full-time police officer for that city, Taylor brought this 42 U.S.C. § 1983 (1988) action against City officials, the Civil Service Commission of Lexington, and the City itself. Taylor alleged that the defendants deprived him of a property interest in his job without due process required by the fourteenth amendment by discharging him without a hearing. The district court[1] adopted the magistrate judge's[2] recommendations and rejected Taylor's claim, finding that Taylor had no property interest in his job. Taylor appeals, and we affirm.
 
 
 2
 The Nebraska statutes and Rules which define whether Taylor had an "entitlement" to his job read in relevant part:
 
 
 3
 (5)
 
 
 4
 To enable the appointing authority to exercise a choice in the filling of positions, no appointment, employment, or promotion in any position in the service shall be deemed complete until after the expiration of a period of three to six months' probationary service for firefighters and not less than six months nor more than one year after certification by the Nebraska Law Enforcement Training Center for police officers, as may be provided in the rules of the civil service commission, during which time the appointing authority may terminate the employment of the person appointed by it if, during the performance test thus afforded and upon an observation or consideration of the performance of duty, the appointing authority deems such person unfit or unsatisfactory for service in the department.
 
 
 5
 Neb. Rev. Stat. § 19-1835 (1987) (emphasis added).
 
 
 6
 B. Any person appointed to a position in the civil service shall be on probation for a period of six (6) months after certification by the Nebraska Law Enforcement Training Center or appointment, whichever is the last to occur. At the end of the probation, the employee shall be automatically separated unless the department head shall recommend to the City Manager that he should be retained. Upon receipt of such certification, the City Manager shall notify the employee of his or her permanent appointment. This probation period applies to both original appointments and to promotional appointments.
 
 
 7
 C. Employees discharged during the probationary period do not have the right to appeal or to a hearing on such discharge. This does not apply to probationary status for promotions.
 
 
 8
 Rules and Regulations of the Civil Service Commission of Lexington, Dawson County, Nebraska, Rule 3.3.
 
 
 9
 Taylor argues that because the Civil Service Act requires a finding that the probationary employee performed unsatisfactorily at his or her job before any discharge, the Act gives such a person an entitlement to his or her job. However, the district court found that section 19-1835 was written with the purpose of giving the appointing authority discretion in its hiring decisions, and that the appointing authority need only "deem" a probationary employee's performance unsatisfactory. Therefore, the statute placed no actual limitations on the prerogatives of the City, through its authorized officials, to discharge a probationary employee at will. We agree, and affirm on the basis of the well-reasoned recommendation and determinations of the magistrate judge, dated September 4, 1991, and the order of the district court adopting those findings dated October 22, 1991 (Docket No. CV90-L-485).
 
 
 10
 Affirmed.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska
 
 
 [2]
 The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska